UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PRC Environmental, Inc. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-00359 |
| | § | |
| The RESOLVE, her equipment, engines | § | FED. R. CIV. P. 9(h) – Admiralty |
| Tackle, furniture, apparel and appurtenances, | § | |
| *in rem*, Barge 650-3, her equipment, engines, | § | |
| tackle, furniture, apparel and appurtenances, | § | |
| *in rem*, Intrepid Ship Management, Inc., | § | |
| Vessel Management Services, Inc. and | § | |
| Crowley Maritime Corporation, *in personam* | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND COMPULSORY COUNTERCLAIM

### I.
### ORIGINAL ANSWER TO VERIFIED COMPLAINT

COME NOW Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corporation (collectively "Crowley") and file their Original Answer to the Verified Complaint of Plaintiff PRC Environmental, Inc. ("PRC") and, without waiver of Crowley's defenses under FED. R. CIV. P. 12(b)(1)–(7), would respectfully show the Court as follows:

### FIRST DEFENSE

PRC's Verified Complaint fails to state a claim against Crowley upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Subject to and without waiving any of its defenses, Crowley answers the allegations contained within the separately numbered paragraphs of PRC's Verified Complaint as follows:

1.1     The jurisdictional allegations in Paragraph 1.1 are admitted.

2.1     The venue allegations in Paragraph 2.1 are admitted.

3.1     Crowley does not have sufficient information to either admit or deny the allegations set forth in Paragraph 3.1.

3.2     The allegations set forth in Paragraph 3.2 are admitted.

3.3     The allegations set forth in Paragraph 3.3 are admitted.

3.4     The allegations set forth in Paragraph 3.4 are admitted, except to deny the allegation that service of process via Texas' long-arm statute was either necessary or appropriate.

3.5     The allegations set forth in Paragraph 3.5 are admitted, except to deny the allegation that service of process via Texas' long-arm statute was either necessary or appropriate.

3.6     The allegations set forth in Paragraph 3.6 are admitted, except to deny the allegation that service of process via Texas' long-arm statute was either necessary or appropriate.

4.1     The allegations set forth in Paragraph 4.1 are admitted.

4.2     Crowley does not have sufficient information to either admit or deny the allegations set forth in Paragraph 4.2.

4.3     Crowley does not have sufficient information to either admit or deny the allegations set forth in Paragraph 4.3.

4.4     Crowley does not have sufficient information to either admit or deny the allegations set forth in Paragraph 4.4.

4.5     Crowley does not have sufficient information to either admit or deny the allegations set forth in Paragraph 4.5.

4.6     Crowley does not have sufficient information to either admit or deny the allegations set forth in Paragraph 4.6.

4.7     The allegations contained in Paragraph 4.7 are denied.

4.8     The allegations contained in Paragraph 4.8 are denied.

5.1     The allegations set forth in Paragraph 5.1 require no response from Crowley, but to the extent they require a response, they are denied.

5.2     The allegations set forth in Paragraph 5.2 are denied.

5.3     The allegations set forth in Paragraph 5.3 are denied.

        5.3.1   The allegations set forth in Paragraph 5.3.1 are denied.

        5.3.2   The allegations set forth in Paragraph 5.3.2 are denied.

        5.3.3   The allegations set forth in Paragraph 5.3.3 are denied.

        5.3.4   The allegations set forth in Paragraph 5.3.4 are denied.

        5.3.5   The allegations set forth in Paragraph 5.3.5 are denied.

        5.3.6   The allegations set forth in Paragraph 5.3.6 are denied.

        5.3.7   The allegations set forth in Paragraph 5.3.7 are denied.

        5.3.8   The allegations set forth in Paragraph 5.3.8 are denied.

        5.3.9   The allegations set forth in Paragraph 5.3.9 require no response from Crowley, but to the extent they require a response, they are denied.

5.4     The allegations set forth in Paragraph 5.4 are denied.

5.5     Crowley admits that the Supreme Court cases cited in Paragraph 5.5 concern maritime law presumptions of fault. Crowley denies the allegation that the rule of *The LOUISIANA*, 70 U.S. (3 Wall.) 164 (1865) concerning drifting vessels has any applicability to the allision at issue in this case. Crowley denies that the rule of *The OREGON*, 158 U.S. 186 (1885) is necessary or should be applied in this case.

5.6     Admit that the ATB RESOLVE, comprised of the tug RESOLVE and the Barge 650-3, (collectively "RESOLVE/650-3") was moving at the time of the allision. Admit that the OCEAN PROSPECTOR was moored and stationary at the time of the allision. Deny that a presumption of negligence arises on the part of the RESOLVE/650-3. Deny that the burden of production and persuasion on the issue of fault is shifted to the RESOLVE/650-3 and her owners/operators.

5.7     The allegations contained in Paragraph 5.7 require no response from Crowley, but to the extent they require a response, they are denied.

6.1     The allegations contained in Paragraph 6.1 require no response from Crowley, but to the extent they require a response, they are denied.

6.2     Admit that PRC has alleged damages arising from a maritime allision. Deny that PRC has alleged a maritime tort claim that gives rise to a maritime lien. Admit that maritime tort claims generally give rise to maritime liens. Admit that maritime liens are generally enforceable *in rem*. Deny that the alleged maritime lien is exclusively enforceable against the RESOLVE/650-3 *in rem*.

6.3     Deny that PRC is entitled to enforce the alleged maritime lien under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Admit that maritime liens are generally enforceable under Supplemental Rule C.

7.1      The allegations contained in Paragraph 7.1 require no response from Crowley, but to the extent they require a response, they are denied.

7.2     The allegations contained in Paragraph 7.2 are denied.

8.1.1   The allegations contained in Paragraph 8.1.1 require no response from Crowley, but to the extent they require a response, they are denied.

8.1.2   The allegations contained in Paragraph 8.1.2 require no response from Crowley, but to the extent they require a response, they are denied.

8.1.3   The allegations contained in Paragraph 8.1.3 require no response from Crowley, but to the extent they require a response, they are denied.

8.1.4   The allegations contained in Paragraph 8.1.4 require no response from Crowley, but to the extent they require a response, they are denied.

## THIRD DEFENSE

PRC may only attempt to obtain security for its claims under Supplemental Rule E(7)(a) because PRC has given security for damages in the original action that arises from the transaction or occurrence that is the subject of the original action. *See* Vessel Release Bond (Dkt. 4-1) filed in *Intrepid Ship Management, Inc. et al. v. OCEAN PROSPECTOR et al.*, United States District Court for the Southern District of Texas, Galveston Division, Civil Action No. 3:12-cv-00243.

## FOURTH DEFENSE

PRC lacks standing to assert a claim for the damages alleged in the Verified Complaint.

## FIFTH DEFENSE

PRC's alleged damages are the acts or omissions of third parties for whom Crowley is not responsible and were the legal, sole, proximate, intervening, superseding and/or new and independent cause of PRC's alleged damages.

133-042 Answer to PRC Complaint

## SIXTH DEFENSE

The sole proximate cause of the allision was the owner's/operator's of the OCEAN PROSPECTOR's failure to mark the underwater pontoons of the OCEAN PROSPECTOR which protruded out into and obstructed a navigable waterway in contravention of 33 U.S.C. § 409 *et seq.*, 33 C.F.R. § 64.11(c) and the Texas Water Safety Act, codified at Chapter 31 *et seq.* of the Texas Parks and Wildlife Code. The violation of statutory regulations and rules intended to prevent collisions and allisions invokes the rule of *The PENNSYLVANIA*. As a result, parties claiming an interest in the OCEAN PROSPECTOR now bear a burden of proving "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been" a cause of the collision. *The PENNSYLVANIA*, 86 U.S. (19 Wall.) 125, 136 (1874).

## SEVENTH DEFENSE

At all relevant times, the RESOLVE/650-3 was operated with reasonable care and the allision at issue was not caused by the negligence on the part of the RESOLVE/650-3, her crew, Master, servants or agents or the unseaworthiness of the RESOLVE/650-3 which was, in fact, at all times material hereto tight, staunch, strong, seaworthy and in all respects properly manned, fitted and equipped.

## EIGHTH DEFENSE

The allision between the RESOLVE/650-3 and the OCEAN PROSPECTOR was an unavoidable accident, Act of God and/or conditions of tide, wind, weather, or other inevitable hazard or peril of the sea and/or by inscrutable fault.

## NINTH DEFENSE

The alleged damages referred to in PRC's Verified Complaint were the result of preexisting conditions unrelated to PRC's allegations against Crowley and/or the result of conditions sustained or developed by PRC subsequent to the allision made the basis of this lawsuit.

## TENTH DEFENSE

PRC has failed, in whole, or in part, to mitigate its damages.

**BASED UPON THE FOREGOING**, the *in personam* Defendants Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corporation (collectively "Crowley") pray that Plaintiff PRC Environmental, Inc. take nothing, that the Verified Complaint of PRC Environmental, Inc. be dismissed with prejudice, that the RESOLVE/650-3 be exonerated from all fault or liability alleged herein, and that the OCEAN PROSPECTOR be sold in order to satisfy judgment in favor of Crowley, and for all other relief, in law or in equity, to which Crowley may be entitled.

## II.
## COMPULSORY COUNTERCLAIM

COME NOW, through undersigned counsel, Defendants Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp. (collectively "Crowley"), and for their Compulsory Counterclaim against PRC Environmental, Inc. ("PRC") respectfully represent upon information and belief:

1.     This claim is a compulsory counterclaim because it arises out of the transaction or occurrence that is the subject matter of PRC Environmental, Inc.'s claim and it does not require adding another party over whom the court cannot acquire jurisdiction. FED. R. CIV. P. 13(a)(1).

2.      Crowley has asserted similar claims against Plant Recovery Company, *in personam*, and the OCEAN PROSPECTOR, *in rem*, in *Intrepid Ship Management, Inc. et al. v. OCEAN PROSPECTOR et al.*, United States District Court for the Southern District of Texas, Galveston Division, Civil Action No. 3:12-cv-00243. Plant Recovery Company has appeared and answered as an *in personam* Defendant and on behalf of the OCEAN PROSPECTOR (Civil Action No. 3:12-cv-00243 Dkts. 6, 7).

## THE ALLISION

3.      In the early morning hours of August 4, 2012, the RESOLVE/650-3 departed the slip at Pier 41 in Galveston, where she was docked head-in, starboard-side-to, and shifted to BP Dock 50 in Texas City. Upon departing the slip, the RESOLVE/650-3 became fouled on an unmarked, dangerous underwater obstruction located near the rig OCEAN PROSPECTOR, which was moored at the end of Pier 41 and adjacent to the slip. Unbeknownst to the RESOLVE/650-3, the OCEAN PROSPECTOR had two submerged and unmarked pontoons protruding underwater at least five feet below the surface from the base of the rig. The underwater portions of the rig that constituted dangerous and unmarked obstructions on the early morning of August 4, 2012 are indicated on the following drawing of the OCEAN PROSPECTOR taken from PRC's website[1]:

---

[1] http://www.prcpower.com/oil-platforms/prospector.aspx# (last accessed 13 August 2012).



This underwater obstruction extended into the navigable waterway approximately 40 feet from the portion of the rig visible above the surface of the water. Defendants failed to mark this dangerous underwater obstruction, that is not visible from the surface, and which struck the hull of the Barge 650-3 indenting the plate and holing the 650-3's No. 7 starboard clean ballast tank.

4.      The allision and damages to the RESOLVE/650-3 were caused by the negligence and violation of the Inland Navigation Rules by PRC and its employees, servants and agents and also by the unseaworthiness of the OCEAN PROSPECTOR. The allision and damages sustained by the RESOLVE/650-3 were not caused by any negligence on the part of Crowley or any of their employees, servants or agents or the Master and crew of the RESOLVE/650-3. The allision and damages sustained by the RESOLVE/650-3 were not caused by any unseaworthiness of the RESOLVE/650-3, which was at all times material hereto tight, staunch, strong, seaworthy and in all respects properly manned, fitted and equipped. PRC also violated the Rivers and Harbors Act, 33 U.S.C. § 409 *et seq.*, 33 C.F.R. § 64.11(c) and the Texas Water Safety Act, codified at

133-042 Answer to PRC Complaint

Chapter 31 *et seq.* of the Texas Parks and Wildlife Code, by obstructing a navigable channel and obstructing the progress of vessels in that channel. In addition, PRC failed to mark the underwater obstruction and/or give vessels warning of its existence in direct contravention of 33 C.F.R. § 64.11(c). In addition to the PRC's negligence, the foregoing statutory violations constitute negligence per se.

5.      PRC's violation of statutory regulations and rules intended to prevent collisions also invokes the rule of *The PENNSYLVANIA*. As a result, PRC now bears the burden of proving "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been" a cause of the allision. *The PENNSYLVANIA*, 86 U.S. (19 Wall.) 125, 136 (1874).

6.      As a result of this allision, Crowley has sustained substantial damages including cost of permanent repairs and related costs, loss of use and other related expenses necessarily incurred and which will be incurred as a result of the allision, which are estimated, as nearly as possible at this time, to be in the amount of FOUR HUNDRED FORTY THOUSAND DOLLARS AND NO/100 ($440,000.00). Crowley also seeks attorneys' fees, expenses, and costs of court.

**BASED ON THE FOREGOING**, Crowley prays:

a.      that the Court enter judgment in favor of Crowley and against PRC Environmental, Inc., Plant Recovery Company, and the OCEAN PROSPECTOR, *in rem*, jointly and severally in the amount of $440,000.00 or such other amount as may be proved herein, plus interest, costs, and attorneys' fees;

b.      that the OCEAN PROSPECTOR and chattels aboard be sold to satisfy said judgment; and

133-042 Answer to PRC Complaint

c.      that the Court grant all other and further relief as justice may require.

Respectfully submitted,

/s/ *James T. Brown*

James T. Brown
Texas Bar No. 03138150
Federal ID. No. 11656
5151 San Felipe, Suite 400
Houston, Texas 77056
Phone: (713) 917-0888
Fax: (713) 953-9470
jimbrown@leggefarrow.com
**ATTORNEY-IN-CHARGE FOR DEFENDANTS
INTREPID SHIP MANAGEMENT, INC.
VESSEL MANAGEMENT SERVICES, INC. &
CROWLEY MARITIME CORPORATION**

**OF COUNSEL:**
**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN LLP**
Cameron A. Hatzel
Texas Bar No. 24074373
Federal ID No. 1128943
chatzel@leggefarrow.com
Andrew M. Stakelum
Texas Bar No. 24072362
Federal ID No. 1129113
astakelum@leggefarrow.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on all counsel of record via the Court's ECF system on
January 28, 2013.

/s/ *Cameron A. Hatzel*

Cameron A. Hatzel

133-042 Answer to PRC Complaint